IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV518-01-MU

ERVIN L. STREATER,           )
                             )
        Plaintiff,           )
                             )
    v.                       )        **O R D E R**
                             )
MARGARET HAINES, et al.,     )
                             )
        Defendants.          )
                             )

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed November 13, 2008.

Plaintiff has filed a Complaint pursuant to 42 U.S.C. § 1983 against numerous individuals alleging that they have violated his due process rights by charging and convicting him of escape in violation of prison rules and regulations. More specifically Plaintiff alleges that in violation of North Carolina Department of Correction Policy and Procedure he was charged in state court with escape even though he turned himself in before twenty-four hours had expired. Plaintiff asserts that he should have been charged with a lesser offense. For relief, Plaintiff asks this Court for: damages for money lost, to order him sent back to Union Correctional Center, to reinstate his inmate activity level back to a level 4 and his custody level back to 6, to hold each defendant individually liable for damages, and to expunge his criminal charge of escape.

As an initial matter the Court notes that although Plaintiff lists Boyd Bennett, the

Director of Prisons, as a defendant he does not state a claim against him.  Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977).  Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982).  Because Plaintiff does not allege any personal conduct by Defendant Bennett or allege that he had a policy that inmates he should be improperly charged with regard to the incidents that form the basis of his Complaint, Plaintiff fails to state a claim against Defendant Bennett.

With regard to the remaining defendants, even if taken as true, Plaintiff's allegations regarding his discipline claim do not rise to the level of a federal statutory or constitutional violation.  In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his constitutional rights (or federal statutory rights) was violated by a person acting under the color of state law.  42 U.S.C. § 1983.  A claim that prison officials have not followed their own policies or procedures does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Va, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grant more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under section 1983).

Moreover, in order to prevail on either a procedural or substantive due process claim, an inmate must first establish that he was deprived of "life, liberty, or property" by

2

governmental action.  See Plyler v. Moore, 100 F.3d 365 (4th Cir. 1996).  In Sandin v. Conner, 515 U.S. 472 (1995), the United States Supreme Court held that discipline in segregated confinement does not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest.  Id. at 485-86 (segregated confinement typically does not constitute an atypical or significant hardship); Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997)(same); Kitchen v. Upshaw, 286 F.3d 179, 185-86 (4th Cir. 2002)(holding that denial of participation in work release does not constitute an atypical or significant hardship); Meachum v. Fano, 427 U.S. 215 (1976)(prison transfer does not implicate due process concerns); Deblasio v. Johnson, 128 F. Supp.2d 315, 329 (E.D. Va. 2000)(change in custody and security status do not implicate due process concerns).  Plaintiff does not assert that his intensive control confinement or loss of certain privileges imposed such an atypical hardship vis a vis ordinary prison life as to create a liberty interest in avoiding it.  Consequently, Plaintiff has failed to state a due process claim against the Defendants.

Finally, Plaintiff's claim concerning his recent disciplinary convictions challenges the validity of his disciplinary convictions and his loss of good time credits, his exclusive means under federal law for challenging such actions would be a petition for a writ of habeas corpus.  See Edwards v. Balisok, 520 U.S. 641, 645-48 (1997)(claims for damages, declaratory relief, or retroactive injunctions based on loss of good-time credits and claims for restoration of good time credits may only be brought in habeas proceedings, as opposed to § 1983, if a finding in favor of the plaintiff would necessarily imply the invalidity of the underlying disciplinary conviction).   Plaintiff does not allege that his disciplinary

convictions have been overturned[1] and therefore his claim against these Defendants is dismissed.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** for failing to state a claim.

Signed: January 9, 2009

Graham C. Mullen
United States District Judge

---

[1] Indeed, Petitioner admits his disciplinary conviction has been upheld on appeal.